## LORICKIO v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 10, 1899.)

1. STREET RAILROADS—ACCIDENT AT STREET CROSSING—CONTRIBUTORY NEGLIGENCE.

Evidence that a street car was running too fast for one of the witnesses to get off at a street crossing; that it ran a distance of 75 feet after striking plaintiff's intestate at the crossing; that intestate was seen by several people just before the accident; that he was in good health, was a bright boy, and discharged his duties as a barber well,—is insufficient to show the exercise of due care on his part in crossing the street about 20 feet in front of the approaching car.

2. CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Though it is unnecessary, in an action for a death caused by negligence, to produce direct evidence of a lack of contributory negligence on the part of deceased, it is necessary to show facts and circumstances from which it may be reasonably inferred that he was exercising proper care.

Appeal from trial term, Kings county.

Action by Giovannini Lorickio, as administratrix, against the Brooklyn Heights Railroad Company. The complaint was dismissed at the close of plaintiff's evidence, and she appealed from a judgment for costs. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

T. J. Molloy, for appellant.
John L. Wells, for respondent.

WOODWARD, J. This action was brought to recover damages sustained by the plaintiff by the death of her son, due to an accident upon the line of defendant's street railroad on Myrtle avenue, at the intersection of Lawrence street. The complaint was dismissed at the close of plaintiff's evidence, on motion of the defendant, on the ground that the plaintiff had not proved lack of contributory negligence on the part of plaintiff's intestate, or negligence on the part of the defendant. The only facts from which the negligence of the defendant might be inferred are that the car, on reaching Lawrence street, was running too fast for one of the witnesses to get off, and that it ran a distance of 75 feet after striking the plaintiff's intestate. While this might be sufficient to warrant the court in submitting the question to the jury, there is absolutely no evidence from which the jury could reasonably infer that the plaintiff's intestate was free from contributory negligence. The fact that several people saw him just before the accident, and the testimony of his mother that he was in good health, was a bright boy, and discharged his duties as a barber well, is not sufficient to raise any presumption of the exercise of due care in crossing the street in front of an approaching car. While it is not necessary to produce direct evidence of lack of contributory negligence in every instance, it is necessary to show facts and circumstances from which the jury might reasonably infer that the deceased was exercising proper care. There are no presumptions in favor of the plaintiff. The burden of proving the case is upon the one who seeks to recover, and the only eyewitness who testified said he was upon the rear step of the car, which was about 40 feet long, when the boy left the curb, and started to cross the street, and that the boy was then about 60 feet from him. If this is true, then the boy could not have been more than 20 feet in front of the car at the time of leaving the curb; and, in the absence of more direct testimony as to the particular facts of the case, the only inference from this state of facts would be in favor of the defendant, rather than the plaintiff. This eyewitness did not see the accident. It does not appear that he watched the boy after leaving the curb. The entire evidence in support of the plaintiff's case established no more than that plaintiff's intestate was run over and killed, at the intersection of Myrtle avenue and Lawrence street, by a car which was being operated at a rate of speed which one witness testifies was too high to permit him to get off,—which might have been two miles an hour or ten,—and which was sufficient to carry the car 75 feet after striking the boy before it came to a standstill. There was no evidence as to the grade at the point of the collision, no evidence as to the distance within which the car might have been stopped under the circumstances, or of the

conduct of defendant's motorman, and no end of justice could have been promoted by submitting the case to the jury.

The judgment appealed from should be affirmed, with costs. All concur.